16449. Thank you. Thank you, Your Honor. Scott Reddy, again, appearing on behalf of National Union as the appellant in this matter. This case actually is a lot different than the case we've been talking about. The key issue in this case is whether the motion for attorney's fees was properly filed in connection with the fraudulent transfer action, as opposed to in this bond case that had ended eight, nine years earlier. If the answer to that question is yes, then this court has to reverse the district court decision. Procedural requirements for requesting attorney's fees under CCP section 685.040 are contained in section 685.080. And a careful analysis of that statute establishes there are only four requirements, procedural requirements, for filing such a motion to get fees under 685.040. The first is that it must be by notice motion, which we did have in this case. The second is that it must be made no later than two years after the costs have been incurred, which we also have in this case. Third is that the motion must be served on the judgment debtor, which we also have in this case. And the fourth requirement is that the motion must be made before the judgment is satisfied in full. And I'll talk about that a little bit later, but the record. Let me ask you a couple of facts. Sure. On May 16, 26, 1994, you file an abstract of judgment. This abstract of judgment is after the judgment entered against the garbers in the bond case. And you increase the amount of the judgment to $218,000, $215 or $85, I can't remember, 70. It's my understanding that you got all of that. Most of it. Well. There was a little bit of it. I understood from what you've written here, you got everything back, interest plus fees, you got $218,000 something or other. That's correct, Your Honor. And that was from the sale of the property. Correct, as a judgment lien holder. That were related to the first judgment as it relates to what you did to get that judgment and the attorney's fees on appeal were paid to your client. Correct. Then it's my understanding, then, that if we're looking at any fees whatsoever, we're looking at fees which occurred after the judgment in 92, but not on appeal, and thereafter in this particular action. Correct. Why was the judgment, abstract of judgment, not filed for on May 26, 1994? Why did you not file for the additional fees that were incurred from March 6, the date of the judgment, to May 26, 1994? All you filed for in the abstract was that which you got from the court when you appealed. There are fees which you're accumulating up to the time you filed your fraudulent conveyance action. Correct. Why didn't you file for those at the time you filed your abstract? Your Honor, I can't answer that because, frankly, our ---- You lost it then? It seems to me that you had a chance to do it then. Let me ask you this. When you filed your claim in bankruptcy, your proof of claim, what was the amount of that proof of claim? I believe it was 300 and something plus thousand dollars. So that was the amount that had been incurred up to that point? Correct. It was attorney's fees. So it was a difference between 300 and 14 what? I don't have the exact number, Your Honor. It is in the record. I tried to find it and I couldn't, so that would be helpful. I'll find it on rebuttal. You're a big record man. I will find that number for you on rebuttal. I mean, I was saying to myself, if they filed an amount in the bankruptcy, did you ever amend your proof of claim? I believe it has been amended at some point. Did you ever amend it prior to October 18, 2001? I don't. The time when you get your funds from the sale? I don't know if National Union even had a proof of claim on file at that point. You filed one in September, as I understood it, in September of 94. Okay, that may be. You filed the bankruptcy. Correct. That's approximately when they filed the bankruptcy, I believe. Well, all I'm trying to do is say, I looked at the California law. You didn't have any trouble filing your abstract of judgment to increase the amount of the fees for the amount you got from the Ninth Circuit. You then had additional fees which accrued up to the point of the bankruptcy, which you filed in your proof of claim. Why weren't they filed in the abstract of judgment so that you could get it from the property? Your Honor, again. All the fees in the property distribution. Those were the fees not related to enforcement of judgment proceedings. Why is that? It seems to me that what you're really arguing to us is, from March 6, 1992, everything you did thereafter was for enforcement of that judgment. Well, actually, Your Honor, I believe we're only requesting fees from 1994 or 95 forward. So you're not requesting any fees for the time from 92 to 94? I don't believe that's part of the request. I'll verify that. I think you ought to because I thought you were. Okay. I mean, I'm trying to figure out, and I have looked at your fees, and I've seen that written down two or three times. But that was one thing. Then you go into the bankruptcy, and then you incur more fees in the bankruptcy. You're also incurring fees out there on the fraudulent conveyance action, correct? Correct. All related to, again, judgment enforcement proceedings. Well, I guess my worry is this, and I've read California law pretty carefully since I got this case. In Idaho, you wouldn't get any fees in your fraudulent conveyance action for actions that the attorney took prior to instituting the fraudulent conveyance action. Okay. And if you have any fees in the amount prior, what California law, other than you wanting me to interpret the statute you've got right there, would suggest that when you file another action, you get to include fees that have been incurred in a prior action? Well, again, the way the California statute is written is it deals with enforcement proceedings. Attorneys' fees that are incurred in attempting to enforce a judgment can be awarded, as long as the underlying judgment included a ward of attorneys' fees under contract. Well, and if I read that, I can really suggest that even the filing of the action of the fraudulent conveyance was nothing more than an enforcement of the original decision. It's an enforcement. Well, that's what it is. It's an enforcement. But what I'm also suggesting is once you undertake another action, the fees incurred prior to that, which were really to enforce the prior judgment, why should they be allotted to you in your new action? Well, okay, I see that it's going on the statute, but I don't know that it actually says what you want it to say. So if I understand Your Honor's position correct, are you saying that the statute may say we're entitled to those fees, but the fees from 92 to 94 should have been requested in the earlier action? Correct. Are you differentiating? Why not? Well, I suppose they could have, but that doesn't mean that they also can't be. The problem is that there's nothing in the statute that says where you have to file this request for attorneys' fees, and that's the position of the National Union. There's nothing that says that that has to be filed in the bond case action. There is something to suggest in the statute that you have to keep doing this every two years. Well, no, I think the way the statute is meant to be read is that you don't have to do it every two years. It just has to be done within two years of your last incurred fees. Well, I understand that, but to me that nonetheless says if you're going to make sure you get them all, get them every two years. I suppose you could look at it that way, but, again, fees have been incurring for the entire time span. In other words, if National Union is saying that this statute allows you to incur fees for as long as you want, and as long as you do it two years from the last day a fee was incurred, it's okay? Correct. Tell me why that statute says that rather than suggesting that it is two years from the incurring of any fee. Well, again, there's no cases that interpret it one way or the other, and I think the purpose, a reasonable interpretation and purpose behind that statute is that you don't want somebody coming in 10 years later after their last fees were incurred and requesting fees. I read it as a two-year statute of limitations. Well, I understand that, but you see it as a statute which goes to the end, and then you've got two years. One might also read the statute, and that's my worry for you, that it is two years from the date of incurment. In other words, each fee incurred has only two years. Because you have another statute in California that also suggests that after 10 years, unless you renew the judgment, it goes away. And I think another factor we have to consider here, Your Honor, is the bankruptcy filing by the Garbergs. And I think this was discussed in the brief. Section 108 of the Bankruptcy Code basically puts a stay on everything. That's exactly why I asked you how many times you amended to include the fee. If I were going to make sure that I had the correct amount and that I was going to get my fee, I would amend and make sure that it was at least every two years of an amendment so that I would make it happen. Well, that couldn't have been done because of the bankruptcy. That would be a ---- You have a proof of claim. That's all you've got to amend. There's nothing against that. Well, and I guess that would have been an option, Your Honor. But again, looking at what the statute says itself, there's nothing at all that says, indicates that it has to be filed in a particular place. It made perfect sense to file it. And you have to remember, Your Honor, that the bond case and the fraudulent transfer action were filed in the same court, in front of the same judge, the same parties. It's really all we're talking about is a caption. This confused me. I have questions that are more elementary than Judge Smith's because I really have not mastered this thing as much. I wouldn't expect anyone to be able to, Your Honor. If I understood it right, they owed money on a bond. Correct. Sued them on the bond. Correct. They didn't pay you the money. Correct. Then when you did your debtors' examination, it turned out that the assets had been snuck over to Mrs. Garber's sister. Correct. And then you spent 20 years trying to get the money back. That involved a second action, which was an action to set aside a fraudulent conveyance. Correct. So I've got it right so far. Yes. Now, the attorney's fees at issue here, what are they for? They're for the fees incurred in the fraudulent transfer action. They're the fees incurred in the Garber bankruptcy. They're all the fees incurred by National Union basically since the filing of the fraudulent transfer action because it's National Union's position that all these fees have been incurred in trying to enforce this judgment because of the actions taken by the Garbers. I guess what you've got here is two judgments. You won twice, right? First, you won a judgment that they owe you the money on the bond. Correct. And then you won a judgment that the conveyance was indeed a fraudulent conveyance. Correct. And the statute says attorney's fees incurred in enforcing a judgment are collectible. Correct. And what you're saying is you really can't sort it out because we're enforcing both judgments. No, no, we're not enforcing the fraudulent transfer action. So in either one. We're enforcing the underlying judgment that we got back in 1992. What you're saying is even though this is all fees in the fraudulent conveyance action, the only reason for all that expense is to try to collect our money on the bond judgment. Correct. That's the only reason. So we should be allowed because before the judgment is fully satisfied but not later than two years after the costs have been incurred, the judgment creditor claiming costs and so forth. Correct. So you get to go back until the bond judgment is fully satisfied, you get to go back every two years for the continued warfare to try to get your money. Well, I don't know if we have to go back every two years, but we can request it before the judgment is fully satisfied. As long as you've been satisfied. Right. As long as you still have to fight to try to get your money. Correct. As long as the motion was filed. This appeal that we've got right now, 16449, this is because the judge said the bond case is over and done with? And you can't get your fees? It's because. Bond case? Right. No, it's because the judge concluded that under Section 685.040, we're not. Well, let me back up. Initially, in its February 12, 2001 order, this motion was. Wait, you don't know how elementary I am. Okay, let me go back. You're behind me already. The motion for an attorney to get the money here as in addition to the judgment in the bond case? Yes, under Section 685.040. And that's because you never got fully paid on the bond case. Right. At the time we filed the motion, we had not been paid at all. Pardon? At the time we filed the motion, we had not been paid at all. And that's what I'm trying to clarify. Now tell me the next thing you were going to tell me. Why did the judge say you can't get your money anymore in the bond case? Well, here's what happened. And, again, quick background.  On February 12, 2001, the district court concluded that National Union is entitled to its attorney's fees under 685.040. Was it 2001 or 2000? 2001, February 12, 2001. Because you've got documents in the records suggesting it's 2000, so I just wondered. Okay, it's February 12, 2001. Okay. And then Judge Coyle issued his order saying that National Union is entitled to fees under 685.040. Why wouldn't you just file your motion for fees in both cases, the bond case, because you're still fighting to collect on that judgment, and also the fraudulent conveyance case because the fees were incurred in proving that the conveyance was fraudulent? Because the bond case had been closed for eight, nine years. The parties were all the same. The court was the same. The judge was the same. There's nothing in the statute that said we had to file it in the bond case. National Union is also seeking fees under different theories and against different parties. So the only way to obtain complete relief and, you know, avoid mass confusion and avoid going to the bankruptcy court and getting relief from stay was to file it in connection with the fraudulent transfer action. You filed these fees in 16449. It's work that you did in the fraudulent conveyance. Right, as well as ñ And it's filed in the Fraudulent Conveyance Act. Correct. That's where it was filed. And, again, it's important to note that it was filed before National Union received any money. What happened was Judge Coyle issued his order saying that National Union is entitled to the fees. But what Judge Coyle didn't rule on, because the Garbers had asked for more time, was the actual reasonableness of the fees. In other words, the amount. So as a matter of law, we're entitled to them, but I'm not going to decide the amount yet. I'm going to allow the Garbers an opportunity to object to the reasonableness of them. That was briefed. In the meantime, there were other appeals in the case. And Judge Coyle sat on this thing for five years. It was under submission for five years. And I'll tell you, I did what I could to get a ruling, and I just couldn't. I bet he looked at the mountain of the paper and thought, next time I have three weeks to spare. Basically, yeah. So then what happened was, in the meantime, National Union did receive a payment from the bankruptcy trustee. That was a year later, two years after the motion was filed, and basically a year after Judge Coyle already decided that National Union was entitled to the money. Well, I understood that you got the granting of the attorney's fees motion in February 2001, and the funds from the property were distributed in October 2001. That's correct, Your Honor. It wasn't quite a year. Okay. But it was after. It was after the ruling and after the motion was filed. So there's no issue about whether the judgment was passed or not. He'd already suggested that you would get attorney's fees in the fraudulent conveyance action, but the amount was just not put together. Correct. And, Your Honor, I see I'm almost out of time. I'd like to reserve some time for rebuttal, unless you have some more questions. Thank you, counsel. I'd like to make one correction, Your Honor. And that is there was no claim filed by, as far as I know, there was no claim filed by National Union until they sought the administrative expenses before the bankruptcy court. They never filed at the beginning of the case, of the bankruptcy case. So let's be clear about that. They didn't file a proof of claim? No, sir. They never? As far as I know. I've looked at that record a lot of times, and I've never seen it. They didn't file a proof of claim for their bond? No. They never filed a proof of claim until when? When you? They sought the administrative expenses, which was in 2001 or something like that. What about their bond that still hadn't been paid? They never filed a claim? They had a judgment. They had a judgment. They never filed a creditor's claim on it? No. They didn't need to because they had an abstract of judgment. And I can think of reasons why they didn't. Possibly the reason was that if they didn't file a proof of claim, they may have felt that they somehow insulated themselves from having to come before the bankruptcy court on some counterclaim of some sort. There are lots of reasons. I can't tell you why. But the record is clear on that point, and you can look it up yourselves, I'm sure. So then they filed after they ran up all those administrative expenses, getting the fraudulent conveyance set aside. Yes. Now, let me ask you what's. Can I point out one other thing? Okay. If you're unclear on the amount on page 214 of the excerpt of the record, there's a very clear chart as to what was asked for. It's in Judge Coyle's, both of Judge Coyle's opinions. My worry was not the amount, but what really constituted the amount. Yes. Because my worry still is that there are claims in that amount, in the fraudulent conveyance amount, that relate not to what they did after filing the fraudulent conveyance, but what they did from the time of getting their bond action and the time they filed the fraudulent conveyance action, which they took then depositions. They did. I'm sure they have. And so my worry was that. That was my question. Well, and I think that's a good question, because the fact of the matter is, I believe that many of these things are from that period. They could have added, as you say, they could have gone right to the bond case and asked for it to be added at any time before the bankruptcy was filed. No problem. Correct. The problem was, after the bankruptcy was filed, they had a lot of problems. Number one, for some reason, they did not ask for relief from stay in the bond case. So this entire argument that we filed in the fraudulent transfer case and that is deemed to be in the bond case cannot be. Let me ask you something a little more general. It just keeps bothering me. Okay. And I don't know quite how to deal with it legally. Okay. When I look at the equities of this case, what happened was the Garbers plainly owed National Union money on the bond. $50,000. $50,000. They should have paid it. They could have paid it. They had a house worth $1.3 million. Not at the time. Remember the bubble. Not at the time. But they didn't pay the $50,000 they owed. Right. Instead, National Union had to wade through a leech-infested swamp for 20 years to try to get its money through a whole swamp full of fraud, transferring interest to the bankrupt sister and this sort of thing. You better look at the records. Wait a minute. Let me lay out what's bothering me, and then you educate me so it won't bother me anymore. And then, finally, they prove the fraudulent conveyance, and they start getting some success. They get a big wad of money in the estate when that property is sold. Right. And they can get paid. As a matter of equity, I don't see why they shouldn't get every penny. I mean, if the Garbers had just paid their just debts, and there's nothing here to really show us why that didn't happen a whole lot earlier, or if the Garbers had just said, we can't pay, file for bankruptcy, and not do anything tricky. Either way, National Union would never have had to spend 20 years litigating. I don't see why they shouldn't, as a matter of equity, get every penny. And, you know, I see there are a whole lot of technical arguments, and maybe we have to resolve them, and maybe they're more arguable your way than the other way, or more arguable the other way than your way on one thing or another. But there's always some room, especially in bankruptcy law, for equity, and I don't see where you have any. What am I missing here? Let me tell you one thing that you don't know. This is a 16-year-old case. I was asked to recuse Judge Coyle not once but twice. There's a reason for that. Judge Coyle, if you do not know this, everybody in Fresno knows it. I don't know a thing about. Okay. Judge Coyle with a named partner in the firm that's representing National Union. I don't know Judge Coyle. I don't know California. Right. Property and bankruptcy. It's an important point. He used to be a partner in the firm? The same firm that's arguing right here. How many years has he been there? That's why there was such animosity that was going on. Judge Coyle decided all these issues against us. Everything was decided against us. I represented some clients back in the 70s and 80s, and now they're not paying me my hourly rate. I have no loyalty to them whatsoever. I'm just loyal as long as they're paying me to be zealous on their behalf. I understand. I don't understand why something decades ago, a law firm relationship. Well, let's look at it this way. Would the equities of National Union have to be based on this? Look at what Judge Coyle decided. Judge Coyle decided virtually everything against this. At the last minute, not only did he decide a huge motion against his former law firm, but he decided it's not. Is there any equity on your side of this except that you're suspicious of Judge Coyle? No, I'm not suspicious of Judge Coyle. Frankly, I find that he was exceedingly honorable at this point. I can't understand it. I was astounded. What about the equities? All right, let me go to the point of the equity. This case was won. You can go back and look at the opinion of your predecessors with respect to the appeal, but it was decided not on proof of any fraud. It was decided on a technicality, on summary judgment. It was decided that the reason given by Mr. Garber for transferring the property to his injured sister, we had doctors galore showing that, the reason was not sufficient in law. He was not allowed to settle the case with his sister-in-law because there was no duty. Now, that was the whole duty. He didn't owe her any duty, even though she was horribly injured in his car. His car. Now, you can say, well, here's the equity in that. I mean, true, he owed $50,000. They ran it up to $218,000. Now they want $500,000. My fees are half of that, far less than half of that. That's not in the record, of course. I'm sorry, but the fact of the matter is they have bloody well padded this case all the way down the road. And I do point out that Judge Coyle's opinion, not to mention Judge Ishii, we have asked that the Court take judicial notice of his opinion in this, but Judge Coyle to say that his own firm was playing fast and loose in this case, after all the decisions that had been made by him against the Garbers, means something. I don't know what it means. What it means to me is that he suddenly ---- Money from the firm? No. He can't still be a lawyer in the firm. No. He suddenly realized that all of his decisions that had been made in the previous years might have been a little bit too far against the Garbers. Why would he decide this one case, this one issue ---- He was still getting money from the firm. No, he didn't. He was getting recused in that firm's cases. He wasn't getting money from the firm. All I'm saying ---- I don't know. I don't know that, Your Honor. It was quite a while ago. I think he was a judge when I was a district judge in the 80s. Yeah, I'm sure he was. He's a senior judge right now, and he's retired from everything at this point as far as I know. At the time that the transfer was made to Bay King, was she penniless? Was that why? Was she penniless? Yeah. Oh, I don't think so. I don't know. She had a big bunch of money herself. She had some money herself. I don't think she had a big bunch of money, but remember, she had to file bankruptcy too. She got laid. Right. At the time, I don't know what her assets were at the time. I do know that she got in a terrible car accident and was severely injured, and she's still severely injured to this day, frankly. Counsel, my worry about these attorneys' fees is this. When Judge Coyle came to the last decision about determining whether to grant them, he seemed to go along the idea that they were judicially estopped. Now, you agree with me that generally I review an award of fees on abuse of discretion as to amount. But if we're going to look at the correct legal standard or the legal analysis and statutory interpretation, I have to give a de novo review, correct? Yes, Your Honor. And at that point, I guess I have to say it seems to me that Judge Coyle's idea that they were somehow judicially estopped is not here. You may answer because I'm asking you the question. I don't know how to get to it. I think there are two bases for his decision, and he says so. First of all, National Union maintains that Judge Coyle made no such finding that the bond case judgment was satisfied, and that's in the reply brief on page 9. So they're saying there was no decision, and, of course, that's not true. First, that wouldn't even go to judicial estoppel. That would go to res judicata. Judicial estoppel is when I'm litigating and I tell the court this party owes me $50,000, and then they give me the $50,000. So I've gotten a benefit from a representation I made to the court. And then I go to the court in another case, and I say this party owes me $100,000. That party didn't owe me $50,000 at all. It was just gratuitous. I'm judicially estopped because I benefited from the representation I made in the other case. But here you're just talking about res judicata. Well, I'm talking about two different issues here, Your Honor. The first one is was there evidence for Judge Coyle to decide that the bond case judgment had been paid? And I'm saying that there is evidence. I'm just pure evidence. I'm not talking about judicial estoppel. Leave that over here. So you're just going on the sufficiency of the record to suggest that they had been paid in the bond case. I'm going on both grounds, and I think I'm entitled to. And the judicial estoppel, you're giving up on that already? No, but I'm just saying that that's just an additional reason. All right. The next reason, he says, is the fraudulent conveyance action is moot. That's right. Well, it seems to me that there are a lot of things under the fraudulent conveyance action that are not moot, the transfer of the stock brudges, the compensatory damages. I mean, all of that is still open. All we did was send it back for more action. You have two judges, two district judges, Judge Coyle and Judge Ishii, both of which have said that it's moot. They both found it was moot because? Because why? That's the question. The case judgment had been paid. Is there a proof? Ordinarily, when you satisfy a judgment, you get the creditor to sign a satisfaction of judgment, and then you file the satisfaction of judgment. Correct. As I understand it here, there was never a satisfaction of judgment filed. Wouldn't have been because it was a bankruptcy. What about the fraudulent? Remember, it was a bankruptcy. The trustee doesn't do that kind of stuff normally. He had an order, and he paid the money according to the order. It was satisfied. Everything was done. The trustee felt fully within his rights at that point. Well, the bond case is not the bankruptcy case. No, it's a claim, basically. It is a claim, which the ‑‑ Has the satisfaction of judgment been filed in any case? No, and it wouldn't be. It just wouldn't be. That isn't how bankruptcy courts, bankruptcy trustees operate. Remember, it would be the bankruptcy trustee who would be the one who would have to file the satisfaction. Or at least request the satisfaction. If I might, I'm not talking about the bond case now. I'm talking about the fraudulent conveyance action. Correct. That's not moot. I mean, there's nothing about that record which would suggest it is moot. It went up on appeal. We said you can't do that on summary judgment. You've got to try doing that down on the lower court. And it went back to the lower court. And all we have is we have a payment of property over in the bond case. But the fraudulent conveyance action had a lot bigger things in it than that. What? Well, the stock transfer, for instance. The compensatory damages. Your Honor, you don't go there once the underlying debt that you're trying to enforce is paid. If they're paid in full, that's the end of it. They don't even have standing to continue with the fraudulent transfer action. They don't have standing even in the bankruptcy. They have standing because of all their damages from having to prove it was a fraudulent conveyance. If they assert it, of course they can. But the problem was, did they assert it properly or not? And they didn't. Okay? The question is, Your Honor, it comes down to the main question, which is the one that is before you here. They say they could have filed a request for fees in the bond case. They couldn't because the automatic state would prevent that. The California statute doesn't say anywhere that you can go ahead in a separate case and add costs and fees from a judgment in an entirely separate matter. Well, but you're suggesting in that argument that filing the fraudulent conveyance action all has to relate back to the bond action. But, in fact, they filed another action now. It wasn't just on the bond itself. It is a different action for fraudulent conveyance of all this property, and they suggested there was more than just transfer of real property, and they also suggested compensatory damages, and they also suggested attorney's fees. And all of those actions were still in the fraudulent transfer action. Your Honor, California law does not allow you to get attorney's fees in doing a fraudulent transfer action, period, except in very rare circumstances that do not apply to this case. If they don't have a live, existing claim under the bond case, they're stuck. That's the end of it. Did you cite me that case?  Your Honor, and Judge Coyle, at the excerpts of Record 266-67, says that such fees and costs could not be awarded under the California statutory scheme for recovering fraudulent conveyances, and the National Union doesn't even contend that that's the case. They rely upon the case which allows them to somehow get it under the bond case, and the problem is the bond case was paid off. I do want to point out one thing. For being allowed in the bond case is because it's based on the contract, right? That's true. That was it. That's the only reason. Usually in American rule cases, even though fees are not generally allowable, they are under circumstances of fraud, frivolousness, or one or two other special categories. I can't remember the buzzwords. That wasn't the basis that Judge Coyle would have allowed it. We went through all of that. We went through all the sanctions and everything. He awarded sanctions. He awarded $2,000 in sanctions against Betty King. He ordered $26,000 against our client. Nobody's appealed that. That isn't what we're here for. We're dealing solely with the question of whether they can tack their fees onto the bond case somehow. That's all. Everything else is out of the picture. I do want to point out one thing, Your Honor, with regard to this statute. I'm talking about 685.090B. First of all, it says right in the statute, the costs added to the judgment pursuant to this section are included in the principal amount of the judgment remaining unsatisfied. If you don't have an unsatisfied judgment, you can't add it. So is it satisfied or isn't it? The second, and I do want to make this point very clear, this is a California statute. Think about the Superior Court in Los Angeles County. Suppose the judgment was entered in Downey out in the valley. And suppose they sought enforcement on Catalina Island and Avalon. It's all within the same court. Can they do that? Does it matter, for example, if the Downey judge goes and has a visit over in Catalina Island and they bring it before him there? I don't think so. I think that this statute means what it says. You bring the action in the same case before the same court that entered it. That's the way people do things in other states, as far as I know. That's the way you do it in California. You don't go to some other judge, even if it's the same judge sitting in another place. You're saying they have to bring it in the bond case or nothing? To me, that's what the statute says. And they can only bring it in the bond case if it's an unsatisfied judgment. And there's got to be one more step there, and that is that it is indeed an unsatisfied judgment. Right. What establishes that? Judge Coyle found very clearly it would have been satisfied. He said so twice. And I read you two sections. Let me do it again. He said it first, and this is despite the fact that National Union says to the contrary. On the excerpt from the record of 235, the court concluded that the satisfaction of the judgment of the bond case moots all issues in this action. And then separately, on 265, he said the record is persuasive, that National Union moved for and resumed. It doesn't say satisfied. Huh? Move is not the same thing. No. But the court concludes that National Union considered that the judgment in the bond case has been satisfied when it received that distribution, a conclusion that is consistent with National Union's representations. That was part of the estoppel theory. He's not saying I concluded. He's saying they concluded. Read what Judge Ishii said. Judge Ishii said, and I asked you to take judicial notice, Judge Ishii says in his review of the entire thing, says Judge Coyle found that everything's moved. Judge Ishii was interpreting what Judge Coyle said, and Judge Ishii was writing in an altogether different case than it's not before. Well, it's actually the same case, Your Honor. Pardon? It's actually part of the same case. Well, it's part of the many litigations. Yeah, that's right. But it's not either of these filings, right? I understand that. Just what you asked us to take notice of because it's one of the other many cases? Correct. But all I'm saying is, Your Honor, you've got two separate judges. You've got a second judge who's looked at this, and he said that everything is moved because the bond case judgment was paid. That's what Judge Ishii said. Did Judge Coyle ever say, I find that the bond case, that the bond judgment was satisfied, or did he just say that, as he understands National Union's papers, National Union considered the bond judgment satisfied? I think what he said was that everything is moved in this case except for the question of compensatory damages and sanctions. He found the sanctions. Mootness is a different category. All kinds of reasons things become moot. Most common is there's nothing he can do about it anymore. Well, all I can say is when he says the satisfaction of the judgment in the bond case moots all issues, that's a finding to me. Did he say? He said that specifically. I find it's been satisfied. Not in those terms. He did say twice, and specifically, as they say, the satisfaction of the judgment in the bond. It seems like if you wanted to establish that it wasn't satisfied, you'd need to either or that it was satisfied, you'd either need a satisfaction of judgment or a judicial determination that it had been satisfied. I think that Judge Coyle said it was satisfied. He went through the whole thing several times. You've got another judge who says exactly the same thing. And you have facts which were pointed to, not just the judicial estoppel facts, but you have other facts. You've got the two statements. You've got the trustee tendering the funds needed to satisfy the judgment in accordance with demand, according to an order of the bankruptcy court. And you have what Judge Coyle says, the failure to answer the contention that the judgment had been paid. We had contended that it had been paid. And the district court stated that this failure was an attempt to avoid the consequences resulting to it by the application of the California statutory provisions. Thank you, counsel. Thank you. I think you saved a little bit of time. First, just for the record, the proof of claim that's in the record was filed. It's at ER 281. On the issue of satisfaction, this was, well, it's a second amended proof of claim, which is the only claim that's in this record. It was filed October 27, 2006. I don't have in this record when the initial claim was filed. Well, that's what I worried about. Okay. And if there's worries about fees incurred during the time period before the abstract was filed, I think the proper thing to do is to remand it back to the district court for the district court to make those determinations. The real issue here is the legal issue dealing with 685.040 and whether as a matter of law national union is entitled to fees like the court initially ruled. On the issue of satisfaction, there's actually two different parts of it. There's the issue of whether the judgment was satisfied before the motion was filed. That's a non-issue because the motion was filed July 7, 2000. There's no finding by Judge Coyle with respect to 685.040 that the judgment was satisfied, and therefore that's a reason that you can't get fees under 685.040. That was based only on the finding of judicial estoppel. And I think Your Honors noted the record's clear that there's no basis for finding of judicial estoppel on that issue. The issue of satisfaction with respect to mootness, even if the amount paid is considered satisfied at some point, that doesn't moot the other issues in the fraudulent transfer action. All you have to do is look at the complaint itself, and the complaint at ER 12 clearly indicates that national union is seeking additional damages other than the fraudulent transfers, i.e., compensatory damages based on their conduct. So the fraudulent transfer action is not moot. What is the compensatory damage they might seek? Attorney's fees. The attorney's fees it's had to incur. My understanding under California law, attorney's fees are not allowable in a fraudulent transfer action. Well, but you have to look at it as this is more than just a fraudulent transfer action. What is it? It's an action to avoid transfers as fraudulent. It's also an action seeking compensatory damages based on fraudulent conduct and other conduct by the garbers. But it's not as part of the contract. So how do you justify it as being an award of attorney's fees on fraudulent conveyance? Well, it's also. That's not. National union is not contesting or challenging the fact that an action just based on fraudulent transfers is not a basis to get attorney's fees based on that action. But this action is broader than that. It's also based on the indemnification agreement, which is a contract, which was the underlying contract that was sued upon. And it's cited in our brief that it's national union's position that it can still. That was another case. That wasn't under the bond case. No, national union is also seeking fees under its contract through this second action. Well, my worry is when I read the complaint, I couldn't find anything under which one could get compensatory damage other than the attorney's fees. Because you got your money on the bond action. You got money and attorney's fees. You got your fraudulent transfer action. What other interest is there for national union? That was my worry. And that's why I questioned him about why is it moot. It seems to me if Judge Coyle and I read his decision, if Judge Coyle is correct that you can't get attorney's fees in a fraudulent transfer action case just by pleading them as compensatory damages doesn't get them for you. What other thing have you got? I mean, the transfer of the stock can go this way and that way, but if you got your money, it doesn't matter. I'm worried about what other action can you have against these people under a fraudulent conveyance action except for attorney's fees. Well, those are the damages, but, again, they're based on the fraudulent conveyances themselves. They're also based on the underlying contract. What in the contract is not satisfied? You get attorney's fees that continue to accrue. It's the national union's position that attorney's fees today are still accruing under that contract, which is to be interpreted under New York law. And it's the national union's position that any fees that are incurred that are related to that indemnification agreement are collectible based on that agreement. And those are issues that Judge Coyle or Judge Ishii now still has to decide. How come, again, you're not seeking this money in the bond case? All of this fraudulent conveyance litigation is to get your money on the bond. Again, it is, and there's nothing in the statute that said that it had to be filed in the bond case at all. The reason it's filed the way it was is because, number one, the court's the same, the judge is the same, the parties are the same. Number two, national union is seeking. Attorney's fees incurred in enforcing a judgment, and the judgment that you're trying to enforce is the money that you were entitled to under the bond case and that you've had years of shenanigans since to avoid paying it. Right, right. So why isn't that, when it says enforcing a judgment, that would be the bond case? Yeah, but it doesn't. But the procedural requirements for where that motion seeking those fees have to be filed isn't stated in the statute. But the worry to me is you didn't have any trouble filing your judgment, additional judgment for attorney's fees when you got them on appeal. You didn't have any trouble with that. Then you come up with this. You never moved to get outside of the bankruptcy as relates to the bond action. All we have is the motion to get out of the bankruptcy as relates to the fraudulent transfer action. So there was never any way you didn't take any action in order to add to the fee in the bond transaction that you say it ought to be done. And yet I look for an amendment of claim. You don't have any amendment of claim. Every time I'm looking for a place where you did something in order to preserve any claim under your bond transaction or bond judgment is not there. Well, Your Honor, again, I think I did cite to the record the proof of claim that was on file. Yeah. There is a proof of claim on file. And, again, the other reason 552,052.58. And if I suggest that the statute is that every two years you've got to file on these as they're incurred every two years, what California case do you have that suggests it can be after the occurrence of all of these fees for ten years and then another two years? There's no case one way or the other, but I do have Section 108C of the Bankruptcy Code, which says that any action that could have been taken prior to the filing of the bankruptcy is told while the bankruptcy is pending. Well, I understand that, but it's a told prior to the filing. It also, there's plenty of bankruptcy law that suggests that you ought to have filed for relief of stay in order to do something to get those fees. Well, there's nothing to stop National Union from doing that at this point because the bankruptcy is still pending. The automatic stay is still in effect. The bankruptcy is still pending. And that's an option. If this panel decides that it had to be filed in the bond case, then this whole process can start over again. National Union can go get relief from the automatic stay. Lose this appeal. Correct. Go back to the pending bankruptcy. Well, then, if the Or relief of stay and move to get the judgment amended in the bond case to add the additional fees. That would be the only option. And it made sense because, again, now I'm sorry. Is there any problem with it? Well, it may add another, I guess, two, three, four years to the process. Except for the garbage, if the money is there. Right. But that is a potential option, and that's discussed in our brief. But, again, it doesn't make sense because the statute doesn't say Why doesn't it? Because the statute doesn't say, because all the parties, the court, everything's the same through the fraudulent transfer action. And National Union is also seeking attorney's fees against Betty Ting, which couldn't be brought in the bond case, and also seeking fees under different theories. What you're trying to enforce, basically, you're still trying to get paid on this measly little $50,000 bond. Correct. Decades of trying to get your $50,000. Correct. And it sounds as though you could still do it. And a bankruptcy that would have yielded a whole lot of cash for the garbers after all was said and done and everybody was satisfied, you'll wind up sopping it all up. But that's their fault because they wasted all your time. Correct. But you can still get the relief. You can still get relief from stay and get an amendment to the judgment in the bond, in the now ancient bond case, because it's been told. Am I missing something here? That's a position that National Union is taking as well. That's an option. That's an option the National Union hopes it doesn't have to take because So there would be nothing inequitable about you not getting your money on this appeal. Well, yes, there would be because then we're talking about additional years, additional fees. Well, the garbers will be paying your fees. Well, there's a point of diminishing returns. There's only a set amount of money in the bankruptcy estates and we're actually beyond that point at this point. So we're already over where it's exhausted. Oh, yes. National Union is not going to be made whole. It's diminishing returns at this point. Does it seem like a possibility that this thing would be settled? We've tried that over the years. All I can say is there was one point where the demand was that the National Union pay the garbers money to settle this thing. Let's look at it from an equity standpoint also. There's a question of this enormous amount of fees over $50,000. Well, you see the modus operandi of the garbers. But I also see some pretty heavy attorney fees, too. That will happen over 15 years. Thank you, counsel. National Union v. Garber 06449 is submitted. I don't know about you guys, but I need a break. Ten-minute recess, okay? Good. Ten-minute recess.
judges: Hug, Kleinfeld, Smith